IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| IN RE: ) | Chapter 7 |
| ) | |
| ANN PATRICIA MAGEE, ) | Bankruptcy Case No. 12-12595-CSS |
| ) | |
| Debtor. ) | |
| ) | |
| ) | |
| ANN PATRICIA MAGEE, ) | |
| ) | |
| Appellant, ) | |
| ) | |
| v. ) | C.A. No. 12-1589 (GMS) |
| ) | |
| HONG HOU, ) | |
| ) | |
| Appellee. ) | |

## **MEMORANDUM**

### I.  INTRODUCTION

Presently before the court is an appeal from the October 22, 2012 Order of the United States Bankruptcy Court for the District of Delaware. For the reasons that follow, the court will affirm the Bankruptcy Court's October 22 Order.

### II.  BACKGROUND[1]

Patricia Ann Magee (the "Debtor") filed for chapter 7 bankruptcy on September 12, 2012. She currently co-owns real estate located at 6 Jamestown Drive, Bear, Delaware, 19701 (the "Residence"). In 2008, the Debtor deeded her interest in the Residence to Ryan Scott Holzbaur,

---

[1] The court incorporates the following background facts from the parties' joint stipulation of facts. (D.I. 9, at 4; D.I. 10, at 4).

Erik Holzbaur, Caitlin Holzbaur, and herself as "joint tenants with right of survivorship," for estate planning purposes. (D.I. 9, at Ex. A). On November 5, 2009, Hong Hou ("Appellee") recorded a default judgment for approximately $125,000 against Erik Holzbaur in the New Castle County Prothonotary's office (the "Judgment Lien"). At that time, the real estate records listed Erik Holzbaur as a partial owner of the Residence. The Debtor was not liable for this judgment.

In early 2010, Erik Holzbaur conveyed his interest in the Residence to the other joint tenants and Leo Magee. When the Debtor filed for bankruptcy on September 12, 2012, she owned the Residence with her husband Leo Magee, Ryan Holzbaur, and Caitlin Holzbaur, as tenants in common. The Residence is worth $190,000, and is encumbered by two mortgages: the first for $121,571, and the second for $60,361. Consequently, $8,068 of net equity remains in the Residence, excluding the Judgment Lien.

On September 15, 2012, the Debtor filed a Motion in the Bankruptcy Court to avoid the Appellee's Judgment Lien pursuant to 11 U.S.C. § 522(f). (Bankr. D.I. 6). The Debtor argued that the Judgment Lien on the Residence impaired her homestead exemption as provided by Del. Code tit. 10 § 4914, and thus should be avoided under § 522(f)(1) of the Bankruptcy Code. The Appellee filed a response on October 5, 2012. (Bankr. D.I. 12). The Honorable Judge Christopher S. Sontchi entered an Order without a written opinion on October 22, 2012 (the "October 22 Order"), denying the Debtor's § 522(f)(1) Motion. (D.I. 1, Attach. 1). The Debtor filed a notice of appeal in this court on November 27, 2012. (D.I. 1).

### III. PARTIES' CONTENTIONS

The Debtor contends that the Bankruptcy Court erred by failing to grant her motion to avoid the Judgment Lien under § 522(f)(1). (D.I. 9, at 7). The Debtor argues that even though Erik Holzbaur is the only party liable for the underlying judgment, the Judgment Lien nevertheless "clouds" the title of the Residence, and thus impairs the Debtor's homestead exemption. *Id.* at 10.

2

Applying the § 522(f)(2) formula, the Debtor claims that the Judgment Lien should be avoided because the sum of the two mortgages ($181,932), the Judgment Lien ($125,000), and the value of her homestead exemption ($125,000) exceeds the value of her interest in the Residence. *Id.*

The Appellee counters that the Judgment Lien did not attach to the Debtor's interest in the Property. (D.I. 10, at 5). Instead, according to the Appellee, the Judgment Lien only attached to Erik Holzbaur's share of the joint tenancy. *Id.* Further, the Appellee argues that even if the Judgment Lien currently impairs the Debtor's exemption, she did not own the property interest prior to the "fixing" of that lien, as the Supreme Court required for lien avoidance in *Farrey v. Sanderfoot*, 500 U.S. 291 (1991). *Id.*

## IV. LEGAL STANDARD

The court has jurisdiction over this matter pursuant to 28 U.S.C. § 158(a)(1). When reviewing a case on appeal, the court reviews the bankruptcy court's legal determinations *de novo*, its factual findings for clear error, and its exercise of discretion for abuse thereof. *In re United Healthcare Systems, Inc.*, 396 F.3d 247, 249 (3d Cir. 2005).

## V. DISCUSSION

After considering the record on appeal, the parties' submissions, and the applicable law, the court finds that the Bankruptcy Court committed no legal error. The court will, therefore, affirm the Bankruptcy Court's denial of the Debtor's § 522(f)(1) Motion.

Section 522(f)(1) of the Bankruptcy Code provides in relevant part:

> Notwithstanding any waiver of exemptions but subject to paragraph (3), the debtor may avoid the fixing of a lien on an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor would have been entitled under subsection (b) of this section, if such lien is—
> (A) a judicial lien . . . .

11 U.S.C. § 522(f)(1). In *Farrey v. Sanderfoot*, 500 U.S. 291 (1991), the Supreme Court clarified the language of § 522(f)(1). In that case, the issue was whether a debtor must own an interest in

3

property prior to when the lien fixes on that interest in order to avoid that lien under § 522(f)(1). *Farrey*, 500 U.S. at 293. The debtor in *Farrey* had divorced his wife prior to filing bankruptcy. *Id.* In the resulting settlement, the court granted the marital home to the debtor (which the spouses had previously owned as joint tenants), subject to a judicial lien securing a cash payment he owed to his ex-wife. *Id.* Without paying that debt, the debtor filed for chapter 7 bankruptcy. *Id.* He attempted to use § 522(f)(1) to avoid his ex-wife's lien, claiming that it impaired his homestead exemption. *Id.* The Supreme Court held that the debtor could not avoid the judicial lien because the property settlement granted him the property in fee simple subject to the lien, therefore, the lien did not "fix" upon a property interest he already possessed. *Id.* at 296. Rather, the debtor had acquired a new interest in the property, the fee simple, simultaneously with the attached judgment lien. *Id.* The Supreme Court reasoned that this conclusion logically followed from statute's use of the gerund "fixing":

> The statute does not say that the debtor may undo a lien on an interest in property. Rather, the statute expressly states that the debtor may avoid "the fixing" of a lien on the debtor's interest in property. The gerund "fixing" refers to a temporal event. That event–the fastening of a liability–presupposes an object onto which the liability can fasten. The statute defines this pre-existing object as "an interest of the debtor in property." Therefore, unless the debtor had the property interest to which the lien attached at some point *before* the lien attached to that interest, he or she cannot avoid the fixing of the lien under the terms of § 522(f)(1).

*Id.* at 296. Since the debtor did not own the fee simple interest *prior* to the fixing of his ex-wife's lien on that interest, § 522(f)(1) could not apply. *Id.* at 300.

The Supreme Court also noted that § 522(f)(1) mandated the same result "even if the divorce decree did not extinguish the couple's pre-existing interests but instead merely reordered them." *Id.* The Court explained:

> If the court in exchange sought to protect [the ex-wife's] previous interest with a lien, § 522(f)(1) could be used to undo the encumbrance to the extent the lien fastened to any portion of [the debtor's] previous surviving interest. This follows because [the debtor] would have possessed the interest to which that part of the lien

4

> fixed, before it fixed. But in this case, the divorce court did not purport to encumber any part of [the debtor's] previous interest even on the assumption that state law would deem that interest to have survived. The decree instead transferred [the ex-wife's] previous interest to [the debtor] and, again simultaneously, granted a lien equal to that interest minus the small amount of personal property she retained. [The debtor] thus would still be unable to avoid the lien in this case since it fastened only to what had been [the ex-wife's] pre-existing interest, and this interest [the debtor] would never have possessed without the lien already having fixed.

*Id.* Applying the legal principles from *Farrey* to the present matter, this court must determine if the Judgment Lien attached to a property interest of the Debtor, and if so, whether or not the Debtor owned that interest prior to the Judgment Lien attaching.

"Whether [the Debtor] ever possessed an interest to which the lien fixed, before it fixed, is a question of state law." *Id.* at 299. The court will analyze the Debtor's property interest according to Delaware law. The Debtor's 2008 deed ("the 2008 Conveyance") created a joint tenancy among the Debtor, Ryan Holzbaur, Erik Holzbaur, and Caitlin Holzbaur. (D.I. 11, at 6 n. 2, Ex. A); *see* Del. Code tit. 25 §§ 311, 701. When the Appellee recorded the judgment in 2009, Erik Holzbaur owned a share of the Residence as a joint tenant. "An attachment creditor reaches only the interest which a debtor had at the time of attachment . . . ." *Bramble Transp., Inc. v. Sam Senter Sales, Inc.*, 294 A.2d 97, 100 (Del. Super. 1971) *aff'd*, 294 A.2d 104 (Del. 1972); *see also In re Long*, 86 A. 104, 105 (Del. Super. 1913). Thus, the Judgment Lien only attached to Erik Holzbaur's joint tenancy share of the Residence, as neither the Debtor nor the other joint tenants were personally liable for the Appellee's judgment. *Id.* Hypothetically, if the Appellee had executed on the Judgment Lien, the execution would have severed the joint tenancy and permitted the Appellee only to recover against Erik Holzbaur's resulting fractional share of the proceeds from the sale of the Residence. *Pagliaro, Inc. v. Zimbo*, No. C.A. 82C-JA-110, 1987 WL 10275, at *3 (Del. Super. Apr. 16, 1987).

The Appellee, however, did not execute on the Judgment Lien. Instead, in 2010, Erik Holzbaur severed the joint tenancy by conveying his interest in the Residence ("the 2010 Conveyance") to the other joint tenants and Leo Magee. *See In re Ellingsworth*, 266 A.2d 890, 892 (Del. Ch. 1970) (a joint tenant conveying his or her interest destroys the joint tenancy). Each recipient of the 2010 Conveyance (including the Debtor) received a share of Erik Holzbaur's interest in the Residence subject to the Judgment Lien. Del. Code. tit. 25 § 732 ("All liens and encumbrances on the estate or interest of any joint tenants, tenant in common or parcener or person of such class shall be without change or priority transferred to the interest or share of the joint tenant, tenant in common or parcener or person of such class in the proceeds of sale.").

The effect of the 2010 Conveyance on the Debtor's interest in the Residence was thus two-fold: (1) the Conveyance terminated her interest as a joint tenant and created a new property interest as a co-tenant, and (2) a portion of Erik Holzbaur's Judgment Lien attached simultaneously to that new interest. This sequence of events is materially similar to the divorce settlement analyzed by the Supreme Court in *Farrey*. The Debtor seeks to distinguish *Farrey* from the present case by arguing that here the Judgment Lien attached to her interest in the joint tenancy, which she owned prior to the "fixing" of that lien; whereas, in *Farrey*, the ex-wife's lien had not attached to the debtor's pre-divorce property interest. (D.I. 11, at 6). The court disagrees with the Debtor's characterization of the present case. As discussed above, the Judgment Lien only attached to Erik Holzbaur's interest, not the Debtor's interest, in the Residence. *See Bramble Transp., Inc.*, 294 A.2d at 100. To the extent that the Judgment Lien now encumbers the Debtor's interest in the Residence, this resulted from Erik Holzbaur's 2010 Conveyance to the Debtor and the other co-owners. *See* Del. Code. tit. 25 § 732. In *Farrey* and the present case, both the debtors acquired a new interest in property at the same time a judgment lien fixed on that new interest. *Farrey*, 500 U.S. at 296. Since the Debtor did not have a "property interest to which the lien attached at some

6

point *before* the lien attached to that interest, . . . she cannot avoid the fixing of the lien under the terms of § 522(f)(1)." *Id.*

The Debtor's final argument does not persuade the court to depart from this conclusion. Even though the Debtor was not personally liable for Erik Holzbaur's judgment, she claims that the Judgment Lien nevertheless impairs her exemption because it is a "cloud" on the Residence's title. (D.I. 11, at 7). The Debtor cites *Matter of Henderson*, 18 F.3d 1305, 1309 (5th Cir. 1994), and *In re Packer*, 101 B.R. 651, 651 (Bankr. D. Colo. 1989), for the proposition that a judicial lien that "clouds" title to a property "impairs" an exemption a debtor has in that property. (D.I. 11, at 7). First, this argument must fail because, as explained above, the Debtor cannot meet the threshold requirement that the Judgment Lien fixed on her interest in property. Section 522(f) does not permit a debtor to categorically avoid all liens that impair an exemption. To do so "would . . . allow judicial lienholders to be defrauded through the conveyance of an encumbered interest to a prospective debtor." *See Farrey*, 500 U.S. at 300. Since the Debtor cannot establish this threshold "fixing" requirement, it is irrelevant whether the lien now "clouds" title to the Residence.

Second, this argument relies on outdated authority. Since Congress enacted 11 U.S.C. § 522(f)(2) in the Bankruptcy Reform Act of 1994, a mathematical formula[2] replaced prior judicial methods for determining whether a judicial lien "impairs an exemption" under § 522(f)(1). Bankruptcy Reform Act of 1994, Pub. L. No. 103–394, 108 Stat. 4106. The decisions in *Matter*

---

[2] For the purposes of this subsection, a lien shall be considered to impair an exemption to the extent that the sum of—
    (i) the lien;
    (ii) all other liens on the property; and
    (iii) the amount of the exemption that the debtor could claim if there were no liens on the property; exceeds the value that the debtor's interest in the property would have in the absence of any liens.

11 U.S.C. § 522(f)(2).

*of Henderson* and *In re Packer* predated § 522(f)(2). Without the direction of § 522(f)(2), those courts resorted to methods of statutory interpretation to determine whether a judicial lien impaired an exemption within the meaning of § 522(f)(1). *See Matter of Henderson*, 18 F.3d at 1309; *see In re Packer*, 101 B.R. at 651. After the 1994 amendment, § 522(f)(2) now governs the relevant inquiry. *See In re VanZant*, 210 B.R. 1011, 1014 (Bankr. S.D. Ill. 1997) (finding that § 522(f)(2) superseded prior decisions relying on judicial interpretations of whether a judgment lien "impaired an exemption"). Thus, *In re Parker* and *Matter of Henderson* are inapplicable here.

Given that the Judgment Lien did not "fix" on an interest of the Debtor in property, 11 U.S.C. § 522(f)(1) is not available to avoid that lien. Accordingly, the Bankruptcy Court did not commit legal error by denying the Debtor's § 522(f) Motion.

## VI. CONCLUSION

For the foregoing reasons, the court will AFFIRM the Bankruptcy Court's October 22 Order denying Debtor's § 522(f)(1) Motion.

Dated: November 24, 2014

_____
UNITED STATES DISTRICT JUDGE